IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**WILLIAM D. CARROLL,**

    **Plaintiff,**

**VS.**                                              **Case No. 4:16cv150-RH/CAS**

**STATE OF FLORIDA,**
**STATE ATTORNEYS OFFICE,**
**PUBLIC DEFENDER'S OFFICE,**
**et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

    Plaintiff William D. Carroll, an inmate proceeding pro se and in forma pauperis, initiated this case in March 2016 by filing a civil rights complaint under 42 U.S.C. § 1983.  ECF No. 1.  After review of the complaint, an Order was entered explaining to Mr. Carroll the many deficiencies of his initial complaint and providing him with an opportunity to either file a notice of voluntary dismissal of this case or file an amended complaint.  ECF No. 9.  Mr. Carroll has now essentially re-filed the original complaint, ECF No.

1, as his amended complaint, ECF No. 10. Because it was deficient on the first review, it remains deficient now.

The amended complaint continues to list the "State of Florida Attn Rick Scott" as a Defendant, ECF No. 10 at 1 and 3, but does not allege any basis for pursuing a claim against either the State of Florida or Governor Rick Scott. It appears that Mr. Carroll seeks to name the Governor as a Defendant because he "is responsible for the State employees." *Id.* at 7. Mr. Carroll contends that these Defendants "are 'strictly liable' for any and all malfeasance conduct" of other state actors, including negligence. *Id.* at 12; *see also* ECF No. 10 at 20.

Absent certain exceptions not applicable here, the State of Florida and its agencies are immune from suit in this Court by force of the Eleventh Amendment. Carr v. City of Florence, Alabama, 916 F.2d 1521, 1524 (11th Cir. 1990); Will v. Michigan Dep't of State Police, 491 U.S. 58, 66, 109 S. Ct. 2304, 2309-10, 105 L. Ed. 2d 45 (1989) (concluding that § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.") (citing Welch v. Texas Dep't of Highways & Pub. Transp., 483 U.S. 468, 472–473, 107 S.Ct. 2941, 2945–2946, 97 L.Ed.2d 389 (1987)). Furthermore, a lawsuit against the

State of Florida or its agencies is not possible because the State is not a "person" as intended by § 1983, Will, 491 U.S. at 68-71, 109 S. Ct. at 2308-2311, and the doctrine of respondeat superior does not provide a basis for recovery under § l983.  Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)).  The Governor cannot be held liable for the actions or omissions of others.  Furthermore, a state official's negligent conduct, even though it causes injury, does not constitute an actionable deprivation under § 1983.  County of Sacramento v. Lewis, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); Daniels v. Williams, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986).  Mr. Carroll's claims against the State of Florida and Governor Scott must be dismissed.

The amended complaint continues to challenge Mr. Carroll's criminal conviction by way of this § 1983 action.  Although he claims he is not challenging his conviction, *see* ECF No. 10 at 20-21, his claim is that Defendants subjected him to double jeopardy in "violation of his civil and constitutional rights . . . ." *Id.* at 21.  A civil rights claim that a criminal conviction was obtained in violation of due process is an indirect challenge

to the conviction.  *See* ECF No. 10 at 9-10.  Moreover, the relief[1] sought by Mr. Carroll is to be released from incarceration.  *Id.* at 11.

There are "two broad categories of prisoner petitions: (1) those challenging the fact or duration of confinement itself; and (2) those challenging the conditions of confinement."  Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).  Habeas corpus is the exclusive remedy for a prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."  Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369 (1994); *see also* Richmond v. Scibana, 387 F.3d 602, 605-06 (7th Cir. 2004) (concluding that "a petition for habeas corpus may not be 'converted' to a civil suit, nor may district judges convert suits in the other direction."); Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006) (explaining that federal habeas corpus petition and civil rights complaints "are mutually exclusive" avenues of relief; "if a claim can be raised in a federal habeas petition, that same claim cannot be

---

[1] Mr. Carroll also requests a declaratory judgment, injunctive relief, and compensatory and punitive damages.  *Id.* at 13.

Case No. 4:16cv150-RH/CAS

raised in a separate § 1983 civil rights action"). This § 1983 civil rights case cannot provide release from prison.

Even if Mr. Carroll had properly filed an amended complaint and deleted his request for release, this case is barred by Heck v. Humphrey, 512 U.S. 477 (1994). Under Heck, a person who is serving a state sentence cannot properly pursue an action for monetary damages that, if successful, necessarily would imply the invalidity of the conviction, unless the conviction has been vacated in a separate proceeding, such as a habeas petition. The Supreme Court said:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87.

The Heck rule rests primarily on the accepted principle that a person in custody under a state-court judgment may challenge the judgment only by a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[2] A prisoner cannot avoid the restrictions on habeas petitions by filing an action under 42 U.S.C. § 1983.

Moreover, there are additional reasons this case cannot proceed beyond Heck. First, Mr. Carroll named a state court judge as a Defendant. Under Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978), that claim is barred. The conclusory allegations against Judge Abdoney are insufficient to state a claim and it appears Judge Abdoney was acting in his or her judicial capacity in presiding over Mr. Carroll's criminal trial. ECF No. 10 at 2. Those claims cannot go forward and must be dismissed.

Second, Mr. Carroll cannot bring claims against the State Attorney and Assistant State Attorney because those officials are absolutely immune from suit under the civil rights statutes for their actions which are "intimately associated with the judicial phase of the criminal process." Imbler v.

---

[2] Mr. Carroll filed a petition for writ of habeas corpus in this Court on March 3, 2016, in case number 4:16cv130-MW/CAS. The case has been transferred to the United States District Court for the Middle District of Florida. ECF Nos. 6-7 of that case.

Case No. 4:16cv150-RH/CAS

Pachtman, 424 U.S. 409, 430, 96 S.Ct. 984, 994-995, 47 L.Ed.2d 128 (1976); Cook v. Houston Post, 616 F.2d 791, 793 (5th Cir. 1980). Because Mr. Carroll's claims against these Defendants are premised on the decision to charge Plaintiff with two counts of lewd molestation, *see* ECF No. 10 at 9, those claims are barred by absolute immunity and must be dismissed.

Mr. Carroll also does not have a viable claim against the Public Defender or Assistant Public Defender. Representation by public defenders or retained attorneys of persons accused of criminal offenses is not "state action" and, thus, gives rise to no liability pursuant to § 1983 absent a conspiracy with state actors. Richardson v. Fleming, 651 F.2d 366, 371 (5th Cir. 1981); Slavin v. Curry, 574 F.2d 1256, 1265 (5th Cir. 1976); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985). The actions of defense counsel are, by their very nature, contrary to state action. Thus, the law is clear that "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," public defenders are not "state actors" for purposes of § 1983. Polk Cnty. v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981). Those claims are insufficient and must be dismissed.

Case No. 4:16cv150-RH/CAS

A fourth reason this case is insufficient is that Mr. Carroll cannot bring a claim against B.D., a minor child who appears to be the victim in the case for which Mr. Carroll was convicted.  See ECF No. 10 at 4, 8, and 17.  Mr. Carroll alleged that B.D. "made false accusations" against him.  *Id.* at 8.  A witness is granted absolute immunity when presenting testimony at trial or in grand jury proceedings.  Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999) (citing Briscoe v. LaHue, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), and Strength v. Hubert, 854 F.2d 421 (11th Cir. 1988)).  Thus, Mr. Carroll's § 1983 claim against B.D. is insufficient and must be dismissed.

For all the reasons stated above, this case cannot proceed and should be dismissed for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 10, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order

adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on May 24, 2016.

    s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:16cv150-RH/CAS